**YONG ZHAO, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

No. 04–0710–ag.

United States Court of Appeals, Second Circuit.

July 28, 2006.

Theodore N. Cox, New York, NY, for Petitioner.

Robert Clark Corrente, United States Attorney for the District of Rhode Island, Robin E. Feder, Assistant United States Attorney for the District of Rhode Island, Providence, RI, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROSEMARY S. POOLER, Hon.

JOHN R. GIBSON *, Circuit Judges.

### SUMMARY ORDER

Yong Zhao petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of (i) asylum, (ii) withholding of removal, and (iii) relief under the Convention Against Torture ("CAT"). We assume familiarity with the facts, the procedural history, and the issues on appeal.

Where the BIA affirms without opinion, we review the IJ's decision as the final agency determination. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's factual findings for substantial evidence, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the ... inherent plausibility of the applicant's or witness's account, ... [and] the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions)." 8 U.S.C. 1158(b)(1)(B)(iii). However, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review" *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding." *Zhou Yun Zhang*, 386 F.3d at 74 (internal quotations omitted). Lack of corroborating evidence may also bear on

credibility, but it cannot form the sole basis for an adverse credibility determination. *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). As asylum and withholding of removal "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhang*, 386 F.3d. at 71.

1. The IJ reasonably discounted the probity of the documents submitted by Zhao. The letters from his father and teacher's son were unsworn and not subject to cross-examination, and the Public Security Bureau summons was unauthenticated and unverified; further, Zhao asserted that he had not seen the summons until his mother mailed it to him in the United States.

2. In light of the lack of corroboration, the IJ's adverse credibility determination was supported by substantial evidence. *See Diallo*, 232 F.3d at 288. The IJ reasonably found Zhao's testimony unbelievable due to its vagueness and generality.

3. The BIA did not abuse its discretion by affirming without opinion. Such an affirmance may issue where the IJ's result was correct, any errors in reasoning were harmless, and the issues on appeal are either insubstantial or controlled by existing law. *See* 8 C.F.R. 1003.1(a)(7); *Yu Sheng Zhang v. United States Dep't of Justice*, 362 F.3d 155, 156–57 (2d Cir.2004). No abuse of discretion occurred because, as discussed above, the IJ did not err.

For the foregoing reasons, we deny the petition for review.

---

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.